UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------
:
RITA EVE CARROLL,                         :        CASE NO. 1:17-CV-02300
                                          :
       Plaintiff,                     :
                                          :
vs.                                       :        OPINION & ORDER
                                          :        [Resolving Doc. No. 1]
FINANCE OF AMERICA, *et al.*,             :
                                          :
       Defendants.                    :
                                          :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Rita Eve Carroll filed this action against Finance of America, the law firm of Reisenfeld & Associates, and the Cuyahoga County Sheriff's Department to challenge a foreclosure action litigated against her in the Cuyahoga County Court of Common Pleas. She asserts claims under 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 241 and 242. She also includes multiple state law causes of action. She seeks free and clear title to the foreclosed property and monetary damages.

**I. Background**

The Complaint contains few facts. Most of the information pertaining to this case was gleaned from the exhibits Plaintiff attached to the Complaint. Plaintiff purchased a property on Barton Road in Lyndhurst, Ohio on June 13, 2014. She obtained a mortgage in the amount of $107,047.00 from Gateway Funding Diversified Mortgage Services, L.P. ("Gateway"). Gateway assigned the mortgage to Finance of America on December 12, 2016. Finance of

America filed a foreclosure action for non-payment on December 30, 2016 in the Cuyahoga County Court of Common Pleas. Judgment was entered in favor of American Finance on July 25, 2017. The property was sold at sheriff's sale on September 25, 2017. Plaintiff attempted to have the court declare the judgment to be void, but the court denied her motions and confirmed the sheriff's sale on October 23, 2017.

Plaintiff filed this action on October 31, 2017. She states the contract to purchase the property was unconscionable because when she signed the note the words "without recourse" and "pay to the order of" were not written on it. She indicates the form mortgage had a line drawn through the preprinted notary language and a notary box from the actual notary was added with the notary's signature. She claims this was fraudulent. She alleges she was induced into signing a promissory note, unaware that the lender would use her signature as a security to create funds. She states she did not receive money nor was she involved in the exchange of money and therefore the transaction was fraudulent. She claims the Defendants conspired to deny her rights, privileges and immunities of the Constitution. She also asserts state law claims for abuse of process, intentional infliction of emotional distress, and fraud.

## II. Legal Standard

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney.[1] District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial,

---

[1] *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

-2-

frivolous, devoid of merit, or no longer open to discussion."[2] Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the Court lacks subject matter jurisdiction over the matter.[3]

### III. Analysis

Plaintiff is challenging the validity of her mortgage and the state court foreclosure judgment. The validity of the mortgage was necessarily decided by the state court when it granted a judgment in favor of Finance of America. Plaintiff cannot file a case in federal court to relitigate issues or claims that already were decided by the state courts.[4] This Court must give full faith and credit to the state court foreclosure judgment.[5]

Furthermore, this Court cannot declare a state court foreclosure judgment to be unlawful. United States District Courts do not have jurisdiction to review or overturn state court decisions.[6] Only the United States Supreme Court can review a state court judgment, either by appeal or by writ of certiorari.[7] Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court cannot file an action in a Federal District

---

[2] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam),

[3] *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[4] *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

[5] *Id.*; *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

[6] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

[7] *Id.*

Court claiming in essence that the state court judgment itself violated his or her federal rights.[8] To the extent Plaintiff is asking this Court to alter the state court judgment of foreclosure or declare it to be unlawful, the Court lacks subject matter jurisdiction to hear that claim.

Finally, Plaintiff's federal claims are so frivolous and devoid of merit that they fail to support a plausible basis for subject matter jurisdiction.[9] Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 241 and 242. These last statutes, 18 U.S.C. §§ 241 and 242, are criminal statutes that provide for criminal penalties. They do not provide a cause of action in a civil case.[10] Section 1983, provides a cause of action against state and local government officials and employees for violation of constitutional rights. Finance of America and Reisenfeld & Associates are private parties, not government agencies, and Plaintiff has not asserted a violation of any particular Constitutional right. Section § 1985 requires Plaintiff to allege facts suggesting the Defendants conspired together for the purpose of discriminating against her on the basis of race or other class-based criteria.[11] Plaintiff does not allege facts to suggest the Defendants were engaged in a conspiracy, nor that they acted to discriminate against her on the basis of race or other class-based criteria.

The remaining causes of action arise, if at all, under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative

---

[8] *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[9] *Apple*, 183 F.3d at 479.

[10] *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

[11] *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

-4-

facts and when considerations of judicial economy dictate having a single trial.[12] The Court, however, may exercise discretion in hearing state law matters.[13] In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.[14] Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

### IV. Conclusion

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[15]

IT IS SO ORDERED.

Dated: February 1, 2018               *s/      James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[12] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

[13] *Id.* at 726.

[14] *Id.*; 28 U.S.C. § 1367(c)(3).

[15] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.